UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARGARET ANN BLANKENSHIP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:16cv222 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion for attorney's fees and costs under the Equal Access to Justice Act, filed by the Plaintiff on June 7, 2018. Defendant responded to the motion on June 13, 2018, to which Plaintiff replied on June 27, 2018.

Discussion

On May 24, 2018, this court granted an "Unopposed Motion for an Indicative Ruling on its 69(b) Motion for Relief from Judgment" and remanded Plaintiff's application for benefits for further proceedings as agreed by the parties. On May 26, 2018, a Clerk's Entry of Judgment was entered.

Plaintiff has now filed a motion for fees and costs pursuant to the Equal Access to Justice Act "(EAJA)", requesting $8,827.00 for attorney fees, $99.00 for paralegal fees, and $905.00 in costs, totaling $9,831.00. Plaintiff has also filed a supplemental request for fees to reflect the time involved in replying to Defendant's EAJA response. Plaintiff's counsel claims he spent 10.2 hours researching and drafting the reply, and seeks an additional $1,978.80 for that work. In sum, Plaintiff's counsel is requesting an hourly rate of $194.00 for 55.7 hours of work, which equals

$10,805.80 in attorney fees, plus $99 for paralegal fees and $905.00 in costs, for a grand total of $11,809.80.

In objection to Plaintiff's request for EAJA fees, the Commissioner first argues that Plaintiff's counsel failed to provide evidence of the prevailing hourly rate, other than with his own statement, which the Commissioner argues is insufficient. However, in *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015), the Seventh Circuit explicitly stated that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden." Plaintiff's counsel has submitted evidence of the Consumer Price Index for 2016, as well as his own affidavit. The Court finds this sufficient. Moreover, the hours spent on this case, 55.5, and the rate, $194.00 per hour, are well within the range of comparable EAJA fees awarded by this Court.

Next, the Commissioner argues that Plaintiff's counsel's two entries over a three-day period lack the requisite specificity for this Court to review their reasonableness. Plaintiff's counsel's timesheet contains two entries spanning a three-day period, one from June 6-8, 2016, for 18.1 hours, and the other from November 18-20, 2017, for 11.4 hours. The Commissioner claims that these entries are "exorbitant, unfounded, and procedurally defective." The Commissioner also faults Plaintiff's Counsel for 11.4 hours spent for research on the opioid crisis and pain management, because neither evidence nor argument regarding the opioid crises was presented to the agency or the district court, but only at the appellate court.

Although this Court prefers more specificity in timesheets, there is no indication that the "lumped time" is exorbitant or inappropriate.  Thus, the Court will not strike the time.  With respect to the issue of opioid research, Plaintiff's counsel explains that at the appellate level, he developed further his argument before this Court regarding Plaintiff's pain medication issues.  Plaintiff's counsel notes that looking at the broader societal implications of an issue is expected in Seventh Circuit briefing.  Notably, the Commissioner did not object to this line of argument at the Seventh Circuit but, instead, agreed to a voluntary remand.   Thus, this Court will not strike the time.

## Conclusion

On the basis of the foregoing, Plaintiff's motion for EAJA fees [DE 36] is hereby GRANTED.   Plaintiff's counsel is awarded a total of $11,809.80 in fees and costs.

Entered: August 6, 2018.

s/ William C.  Lee
William C. Lee, Judge
United States District Court